**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**UNITED STATES OF AMERICA**

**vs.**                                                 **Criminal No. 0-26-CR-0017-DLB**

**HENRY J. RITSCHER**

## SENTENCING MEMORANDUM

Defendant, Henry J. Ritscher, submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for May 15, 2026 at 11.00 a.m.

Mr. Ritscher appears before this Court having accepted responsibility for serious and wrongful conduct involving the surreptitious recording of a minor while she was showering inside his residence. He does not minimize the gravity of the offense. The conduct constituted a profound invasion of privacy and a breach of trust.

This case does not involve physical contact, coercion, distribution, or evidence of a broader pattern of predatory behavior. It reflects an isolated lapse in judgment by a military veteran with an otherwise law-abiding history.

The Court must impose a sentence that reflects accountability while recognizing the mitigating circumstances, including Mr. Ritscher's military service, acceptance of responsibility, and rehabilitative potential.

## BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE

On October 2, 2025, a federal grand jury for the U.S. District Court for the Eastern District of Kentucky, sitting in Lexington, returned a multi count indictment

against Henry J. Ritscher. The defendant was accused of knowingly producing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. 2251(a). On August 25, 2023, Mr. Ritscher appeared in front of this honorable court and entered a plea to count one.

During the year of 2025, until September 6, 2025, the minor victim who was related to the defendants wife would come periodically reside at the residence of the defendant. During the course of this time period, the defendant had installed cameras inside his house. As the pre sentence report mentions, the defendant had been employed as an over the road trucker for several years. He would be on the road for several days and only his autistic son and his wife would be home alone. The cameras were installed for their safety, so Mr. Ritscher could keep an eye on his family. Eventually, this turned into the minor victim visiting Mr. Ritscher's residence and he installed a camera that was installed inside a cell phone charger block in the bathroom that his son and the minor female victim used.

The defendant then took down the entire camera system several months prior to the discovery of his very serious crimes and unrelated to the discovery of his crimes. The camera hidden inside the cell phone charging block was also removed several months prior to the discovery of the crime. Once the minor victim saw the video on the defendants cell phone and was confronted by the mother of the minor victim, the defendant admitted to his conduct and also sent a message to Amanda Mullins, the mother of the minor victim taking full responsibility for this offense. "I just want to say that I am really sorry. I am a piece of shit. I know that this was something that I should

not have done. This is not an excuse for what I have done but I will say that I haven't and would never touch anyone. I am sorry."

At this point, the defendant was arrested by the Paintsville Police Department. On the date these videos were discovered, the defendant and his wife exchanged text messages between themselves, where his wife offered to lie and Mr. Ritscher specifically told her not to lie, and that he was wrong for looking and that he was a "sick piece of shit."

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Henry J. Ritscher, was born on January 18, 1982 to the marital relationship of Henry David Ritshcer, and Kathleen Ritscher. He had a positive childhood and has three siblings. He got married to Chattie Ritscher in 2008. The defendant and his wife have one child, Henry Tyler Ritscher, age 14. He resides with his mother and maternal grandparents in Gallipolis, Ohio. The defendant has been employed as an over the road trucker since July of 2013.

The defendant enlisted in the U.S. Army on October 22, 2002 and was granted an honorable discharge from the U.S. Army on February 1, 2011. Mr. Ritscher completed two tours in Iraq, one in 2003-2004 and another in 2006-2007. The defendant received the following medals, Army Commendation medal, Army Achievement medal, meritorious unit commendation, Army good conduct medal, National defense service medal, Global war on terrorism expeditionary medal, global war on terrorism service medal, and Iraq campaign medal.

In 2003-2004, the defendant was stationed in Balad, Iraq, and was in Fort Lewis, Washington with the 528 Quarter regiment. Mr. Ritscher accompanied convoys with the post commander on patrols and was regularly met with IEDS and small arms fire. In 2006-2007, the defendant was stationed in Tikrit, Iraq, out of Skoal Field Barrett, Hawaii with the 209th ASB. During this tour, the defendant primarily stayed inside the wire as a perimeter guard, in addition to his regular duties. They were regularly on the receiving end of mortar attacks during this time period.

Mr. Ritscher is a military veteran who has otherwise lived a law-abiding life and has sacrificed his mental status for the country. He has no history of violent or sexual offenses and has accepted responsibility for his conduct. This offense represents an aberration.

Additional information as to the defendants background and family situation has been provided by his two sisters, which are attached as Exhibit # 1 and Exhibit # 2.

## <u>THE NEED FOR THE SENTENCE IMPOSED</u>

The advisory Guidelines do not adequately distinguish this conduct from more severe offenses involving contact or distribution. A variance is warranted. Just Punishment .A meaningful sentence is appropriate but must remain proportional. Specific deterrence is low given defendant's history and acceptance of responsibility. Structured supervision and treatment can mitigate any risk. Treatment and supervision are critical to long-term outcomes.

Per the Pre Sentence Report prepared by the United States Probation Office, Mr. Ritscher has a Base Offense Level of thirty two (32) based on the relevant conduct that

is attributable to him. With the relevant offense characteristics that the U.S. Probation office has attributed to Mr. Ritscher, this brings his total offense level to 40. With the adjustment for acceptance of responsibility of two points and an additional point, this brings his total offense level to forty (40).

### JSIN NUMBERS - FEDERAL DEFENDANTS IN SELECTED CELL

During the last five fiscal years (FY2021-2025), there were 198 defendants whose primary guideline was §2G2.1, with a Final Offense Level of 40 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 198 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 254 month(s) and the median length of imprisonment

imposed was 243 month(s).

### Sentence Imposed Relative to the Guideline Range for Defendants in Selected Cell
Fiscal Year 2021-2025

■ Within Range   ■ Downward Departure or Variance   ■ Upward Departure or Variance   ■ §5K1.1 Substantial Assistance



**Note:** The figure includes the 208 defendants reported to the Commission whose primary guideline was §2G2.1, with a Final Offense Level of 40 and a Criminal History Category of I, including defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Defendants who received a §5K1.1 substantial assistance departure are included in this analysis but are excluded from other analyses below. As such, the number of defendants included in this analysis may exceed the number of defendants in other analyses. Total percentages displayed in the figure may not sum to 100% due to rounding.

### Sentence Type for Defendants in Selected Cell (after excluding §5K1.1)
Fiscal Year 2021-2025

■ Defendants Receiving Imprisonment (In Whole or In Part)   ■ Defendants Receiving Probation or Fine Only



**Note:** The figure includes the 198 defendants reported to the Commission whose primary guideline was §2G2.1, with a Final Offense Level of 40 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Total percentages displayed in the figure may not sum to 100% due to rounding.

The *Defendants Receiving Imprisonment* category includes defendants sentenced to a term of imprisonment (in whole or in part) and who received a commitment to the Bureau of Prisons. This category includes (1) defendants sentenced to a term of imprisonment only, with no additional conditions of community confinement, home detention or intermittent confinement (Prison Only) and (2) defendants sentenced to imprisonment and conditions of alternative confinement as defined in USSG §5C1.1 (Prison and Alternatives). This category includes, but is not limited to, Zone A, Zone B, or Zone C cases receiving prison with additional conditions of a term of community confinement, home detention, or intermittent confinement.

The *Defendants Receiving Probation* category includes defendants sentenced to a term of probation with or without a condition of community confinement, intermittent confinement, or home detention (Probation Only and Probation and Alternatives). This category also includes defendants who received no prison, no probation, and no time of alternative confinement as defined in USSG §5C1.1, but instead who received a fine and/or a special assessment (Fine Only).

### Average and Median Length of Imprisonment for Defendants in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)
Fiscal Year 2021-2025

■ Average Length of Imprisonment   ■ Median Length of Imprisonment



**Note:** The figure includes the 198 defendants reported to the Commission (1) whose primary guideline was §2G2.1, with a Final Offense Level of 40 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure; and (2) the defendant received a sentence of imprisonment in whole or in part. Cases missing information necessary to complete the analysis were excluded from this figure.

*Average and Median Length of Imprisonment* reports the average and median term of imprisonment imposed in months for cases in which a term of imprisonment was imposed. Probation sentences are excluded. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also excluded. Cases in which a sentence is imposed, but where the length is indeterminable, are excluded. When sentences are expressed as "time served" on the J&C, Commission staff uses the dates in federal custody to determine the length of time served when an defendant has been in custody the entire time. If the defendant has been in and out of custody, or the start date is unclear/missing, then the Commission assigns a value of one day as a minimal time served amount for these cases. In cases where the court imposes a sentence of life imprisonment, sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal defendants given the average age of federal defendants. Sentences of greater than 470 months are also reported as 470 months.

Mr. Ritscher would be the classic person that needs to be punished, deterred, and rehabilitated, not convicted, warehoused and forgotten. Mr. Ritscher made a huge mistake in life when he started viewing CSAM materials.  Either way the court looks at it, Mr. Ritscher will be sentenced to a significant period of time.

The Defendant is not a violent person and he has never shown any violent tendencies during his adult life. He does not pose a threat to the public at all other than this offense. If the United States Department of Justice intends to make changes to fix our burgeoning prison problem, we need a place to start and someone to start this with, and Mr. Ritscher is probably the best candidate to do so.

## A VARIANCE IS WARRANTED BASED ON THE FOLLOWING FACTORS:

1. The Guidelines overstate the seriousness of the offense because they do not adequately distinguish between non-contact, non-distribution conduct and more aggravated offenses.
2. The defendant's history and characteristics, including military service and lack of criminal history, strongly support a reduced sentence.
3. The offense conduct was isolated and not indicative of a broader pattern of predatory behavior.
4. A below-guidelines sentence will still satisfy deterrence and protection of the public, particularly when combined with supervised release conditions.
5. The requested sentence avoids unwarranted sentencing disparities in comparable cases.

The Defendant would respectfully ask the court that he make a recommendation to the Bureau of Prisons that he be housed as close to Gallipolis, Ohio, if possible.

## OBJECTIONS

¶ 9, 10 & 11. The discovery shows that the charging block camera had not been in use for several months. Defendant informed the Paintsville Police Department that the outside cameras were placed in a tote. Furthermore, in the transcript of the text messages, the defendant specifically tells his wife "DON'T SAY THAT, AS IT WILL BE A LIE." The

¶ 16.  The defendant deleted the footage and that was done contemporaneous to the arrest of the defendant.

¶ 21.  The victim was not in the custody, care or control of the defendant. She was a distant family member of the defendants wife, who came to visit on occasion, so there is no relationship here and thus the +2 enhancement should not apply here.

¶ 24.  The Adjustment for Obstruction of Justice under USSG § 3C1.1 should not apply per Application Note 4(D) and so the +2 enhancement should not apply here.

¶ 24.  The Adjusted Offense level should be 34, not 38.

¶ 28.   The total offense level should be 34 because the pattern of conduct does not apply here, because this incident all took place on 9/6/2025.

¶ 54.   Guideline sentence with TOL of 34 and Criminal History Category of I would be 151-188 and with the mandatory minimum of 180 months, the guideline sentence should be 180-188.

-   The defendant believes that we are entitled to a reduction in sentence based on USSG § 5H1.11, which was extraordinary in nature because the offense date is 9/6/2025, which is prior to the new guidelines manual coming into effect.

## CONCLUSION

WHEREFORE, we would respectfully submit that the court sentence the Defendant to a term of sentence below the advisory range is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a).

Respectfully submitted this May 8, 2026.

HENRY J. RITSCHER
By Counsel

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

__s/ Sebastian M. Joy_____
Sebastian M. Joy, Esq.

Counsel for Defendant Henry J. Ritscher
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND**

**UNITED STATES OF AMERICA**

**vs.**                                                      **Criminal No. 0-26-CR-0017-DLB**

**HENRY J. RITSCHER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **SENTENCING MEMORANDUM AND EXHIBITS** have been electronically filed with the Clerk of Court this date using the

**VIA CM/ECF:**      Hon. Justin Blankenship
Asst. United States Attorney
London, KY

**DATE:**                May 8, 2026

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

__s/ Sebastian M. Joy_____
Sebastian M. Joy, Esq.
Counsel for Defendant
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia