**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 0:26-CR-17-DLB-EBA**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**                    **MEMORANDUM ADDRESSING**
                          **UNRESOLVED GUIDELINE OBJECTIONS**


**HENRY RITSCHER**                                            **DEFENDANT**

*   *   *   *   *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the Defendant's offense level as calculated in the PSR is accurate.

**STANDARD**

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…." Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the

defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007). "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

## I.    Objection 1 – Factual Content of Offense Conduct

The Defendant objects to certain facts included in paragraphs 9, 10, and 11 of the PSR. Specifically, he states that the device used to covertly record the videos of the minor victim, a cell phone charging block with a built-in camera, had not been in use for months.

2

As is noted by the probation officer, this assertion contradicts the factual basis of the plea agreement. In his plea, Ritscher agreed that he produced child pornography of the minor victim using the charging block camera on or about September 6, 2025. He further agreed that the minor victim recognized that the video she observed on September 6, 2025, had been recorded on the same day in which she discovered it. Thus, by Ritscher's own admission in the plea agreement, the charging block camera had been in use the same day his covert recordings were discovered.

The factual basis of the plea agreement is consistent with Ritscher's prior statement to law enforcement, in which he admits to using the charging block camera to record the child. He further admitted to police that he "got rid of everything" only once the child made the discovery of the videos. Contrary to the Defendant's assertion, Ritscher's text messages with his wife do not contradict the fact that the camera was removed after the child's discovery. In that text message conversation, Ritscher's wife urges him to "Delete the pics now! And remove the cams." Ritscher responded to his wife, "I did already." His wife then asserts, "If they ask I'm gonna [sic] tell them that I saved those pics to show [victim] she shouldn't be changing anywhere but the bathroom." At that point Ritscher states, "Don't say that. As it will be a lie." This conversation, which occurred on September 6th, 2025, further confirms that Ritscher removed the cameras on the day he was caught.

While this objection does not affect the guideline range, it is the position of the United States that the factual basis contained in the Plea Agreement and the PSR accurately reflects the offense conduct and should be the facts considered by the Court in determining a sentence.

3

## II.    Objection 2 – Obstruction Enhancement

Ritscher objects to the application of an enhancement under U.S.S.G. § 3C1.1, which applies when a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing." There is no factual dispute as to whether or not Ritscher deleted child pornography videos from his phone. According to Application Note 4(D) of the applicable guideline, "destroying or concealing . . . evidence that is material to an investigation or judicial proceeding" qualifies for the enhancement. U.S.S.G. § 3C1.1, N. 4(D). The same Note does say that when the concealment or destruction is contemporaneous with arrest, the enhancement should not apply. *Id*.

Ritscher asserts in his objection that the destruction of the videos was contemporaneous with arrest. By Ritscher's own admission to police, this is not so. Ritscher's deletion of the videos was prompted by his victim's discovery and the confrontation with the victim's mother. Ritscher is clear in his statement to police that the destruction occurred prior to police arriving at Ritscher's home, making it impossible that the destruction was contemporaneous with arrest. This timeline of events is also confirmed by Ritscher's text messages with his wife in which he confirms to her that he deleted the videos. For those reasons, the United States supports the application of the § 3C1.1 obstruction enhancement.

## III.    Objection 3 – Parent, relative, or legal guardian or custody, care, or supervisory control

Ritscher objects to the application of the two-level enhancement to the offense level if "the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant" as provided in U.S.S.G. § 2G2.1(b)(5). Ritscher argues that he is a distant family member of the defendant's wife and the relationship between the victim and defendant is not sufficiently close so as to apply the enhancement. Application Note 5 of § 2G2.1 is clear, however, that (b)(5) "is intended to have broad application and includes offenses involving a minor entrusted to the defendant, temporarily or permanently." U.S.S.G. § 2G2.1, N. 5(A). The Note goes on to say that "the court should look to the actual relationship that existed between the defendant and the minor and not simply the legal status" in determining whether to apply the enhancement. *Id*.

In the PSR, the probation office expertly outlines the appropriateness of the enhancement in this case. Importantly, the victim here is a relative of the Defendant, albeit by marriage. Thus, by the plain text reading of the guideline, it applies to these facts. The victim was also in the Defendant's care and supervisory control. As is noted in the PSR, the victim frequently stayed overnight at the Defendant's home and was a close friend to the Defendant's child. The victim was regularly entrusted to the care of the Defendant both at home and in the community. The enhancement under § 2G2.1(b)(5) was intended to broadly apply, and by all metrics it properly applies here.

IV.    **Objection 4 – Pattern of Conduct**

5

Ritscher objects to the application of the five-level "pattern" enhancement provided in U.S.S.G. § 4B1.5(b). The so-called "pattern" enhancement is located in Chapter 4 of the United States Sentencing Guidelines. Specifically, U.S.S.G. §4B1.5(b)(1) states that:

> "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three."

U.S.S.G. §4B1.5(b)(1). Application Note #2 of §4B1.5 defines a covered sex crime as:

> "(A) an offense, perpetrated against a minor, under (i) chapter 109A of Title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note."

U.S.S.G §4B1.5, n. 2. Ritscher's crime of conviction is under Chapter 110, so it is covered for the purpose of §4B1.5.

Application Note #4(A) describes "prohibited sexual conduct" for the purposes of §4B1.5, importantly, including the offense of producing child pornography. U.S.S.G. §4B1.5, n. 4(A). Ritscher is correct that his offense of conviction occurred on September 6, 2025. § 4B1.5, however, allows for consideration of additional occasions of prohibited sexual conduct. Application Note 4(B)(ii) explicitly states that an "an occasion of prohibited sexual conduct may be considered for purposes of [the enhancement] without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id*. at N. 4(B)(ii).

6

By Ritscher's own admission to police, he had been recording the child in this cases for about a year and a half. He admitted to recording the victim on multiple occasions and was unable to recount how many times he had done it. Several of the videos recovered on Ritscher's device constitute child pornography. Thus, Ritscher's conduct, repeatedly producing child pornography, fits squarely into the definition of a pattern of prohibited conduct. The enhancement should apply.

### V. Other objections

Ritscher further objects to the offense level and the guideline range, asserting that they should be adjusted relative to his objections. The United States believes that the offense level and guideline range computations are accurately recounted in the presentence report, and opposes these objections.

Finally, the Defendant believes he is entitled to a departure under U.S.S.G. § 5H1.11, which was removed in the 2025 Guidelines Manual. The United States agrees with the position of the Probation Office as outlined in the PSR. Ritscher's military service is appropriately considered under the 18 U.S.C. § 3553(a) factors and may very well result in a downward variance, but should not be considered by the Court as a departure.

### CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Henry Ritscher's presentence report is correct, and the enhancements to his offense level contained therein are properly calculated.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, the foregoing was electronically filed

through the CM/ECF system, which will send notice of the filing to all counsel of record.


s/ *Justin E. Blankenship*
Assistant United States Attorney